**Jed W. Manwaring ISB #3040**
**EVANS KEANE LLP**
**1161 West River Street, Ste. 100**
**P. O. Box 959**
**Boise, Idaho 83701-0959**
**Telephone: (208) 384-1800**
**Facsimile: (208) 345-3514**
**e-mail: jmanwaring@evanskeane.com**

**Attorneys for Defendant**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HOKU CORPORATION,<br><br>  Debtor. | Chapter 7<br><br>Case No. 13-40838 JDP |
| R. SAM HOPKINS, TRUSTEE,<br><br>  Plaintiff,<br><br>  v.<br><br>**SUNLINK CORPORATION, a Delaware corporation;** and John Does 1 through 10,<br><br>  Defendants. | Adv. Proc. 15-08120 JDP |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO WITHDRAW REFERENCE**

Defendant has moved Pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a), for the United States District Court for the District of Idaho ("District Court") to withdraw the reference of the above adversary proceeding from the United States Bankruptcy Court for the District of Idaho ("Bankruptcy Court"). Defendant asserts that meritorious grounds exist for

both mandatory and discretionary withdrawal of the reference based upon a Defendant's right to a jury trial and the interpretation of non-bankruptcy statutes alleged by the Trustee.

## HOKU BACKGROUND

In 2007, Hoku Corporation ("HC") incorporated a wholly owned subsidiary, Hoku Materials, Inc. ("HM"), and together began working toward construction of a manufacturing plant in Pocatello, Idaho. The singular effort was to produce polysilicon for the sale and use in the solar industry. Construction of the manufacturing plant later stalled as market prices for polysilicon fell. Financing for the construction project had been obtained from lending bank entities owned or controlled by the Chinese government and from pre-purchases of product by Chinese businesses. The Chinese lenders later withdrew, construction of the plant ceased, and separate bankruptcies for HC and HM were filed in the Bankruptcy Court on July 2, 2013.

Scores of substantial contractors and suppliers from all over the nation had received some partial or full payment from HC and/or HM for work related to the construction project, but many contractors and suppliers were still owed tens of millions of dollars for goods and services delivered for the construction project. The losses caused substantial hardship to their businesses. Beginning in May 2015 and through July 2, 2015, the Trustee of the parent HC sued 150+ businesses seeking to "claw back" over $600,000,000. The Trustee alleged that the payments of more than $600,000,000 were "constructive fraud" because the parent, HC, was insolvent at the time of the payments and paid the contractors and suppliers directly on the subsidiary's debts. Therefore, Trustee alleged that there was no "reasonably equivalent value" to HC in exchange for the payments.

Some of the more substantial defendants, including JH Kelly, Industrial Piping, Inc., Idaho Power Co. and others, are countering with a Motion for Substantive Consolidation of the

HC and HM bankruptcy cases. These defendants are alleging that parent HC and subsidiary HM had: common lenders, common officers and directors, commingled accounts, consolidated financial statements, one goal, and one operation, such that there was an "identity of interest" between HC and HM making it inequitable to treat the two corporations separately under the law. The formal Motion for Substantive Consolidation (*In re: Hoku Corporation*, Case No. 13-40838, Doc. 412) was filed on July 27, 2015 and will likely take up to six months to be resolved by the Bankruptcy Court.

## ARGUMENT AND AUTHORITIES

1. **Basics of Bankruptcy Referral and Withdrawal of the Reference.**

The federal district court has original and exclusive jurisdiction over all cases under Title 11 pursuant to 28 U.S.C. § 1334(a). The district court has original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11, pursuant to 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District Court for the District of Idaho has so referred bankruptcy proceedings to the Bankruptcy Court by the Third Amended General Order No. 38, dated May 1, 1995.

The district court's reference of bankruptcy proceedings to the bankruptcy court may be withdrawn either on a mandatory or permissive basis. 28 U.S.C. § 157(d). Withdrawal is mandatory if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting

interstate commerce. 28 U.S.C. § 157(d). The withdrawal is permissive based upon cause shown. The withdrawal statute states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Regarding mandatory withdrawal, the majority of case authorities require a "substantial and material" issue of nonbankruptcy law "not simply whenever non-[Bankruptcy] Code federal statutes will be considered but rather only when such consideration is necessary for the resolution of a case or proceeding." *In re White Motor Corp.* 42 B.R. 693, 703 (N.D. Ohio 1984). Some cases require only that a nonbankruptcy statute be invoked. *See, In re Kiefer,* 276 B.R. 1196 (E.D. Mich. 2002); *Martin v. Friedman*, 133 B.R. 609 (N.D. Ohio 1991).

Regarding permissive withdrawal to determine whether "cause" exists to withdraw the reference, a consideration in this analysis is whether the causes of action asserted are core or non-core. Courts also look to the following factors: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, (4) prevention of forum shopping and other related factors. *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). A defendant's right to a jury trial constitutes cause for withdrawal of the reference, although a bankruptcy court may retain the adversary proceeding for pre-trial matters. *See In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

## 2. Defendant is Entitled to Mandatory Withdrawal of the Reference.

In the present Adversary Proceeding the Plaintiff Trustee's Complaint, Count One is seeking recovery of allegedly fraudulent transfers relying on the non-bankruptcy federal statute of 28 U.S.C. § 3304. Count One incorporates Bankruptcy Code § 544(b)(1) by which the Trustee claims standing to enforce the non-bankruptcy statutes. These non-bankruptcy statutes are not merely a supplementary sidelight, the statutes provide the material and substantive elements on which the Trustee must carry his burden of proof in order to recover. The court must interpret all elements of these non-bankruptcy statutes. The district court "shall" withdraw a proceeding when the resolution of the proceeding requires consideration of both title 11[Bankruptcy Code] and other laws. 28 U.S.C. § 157(d).

## 3. Defendant is Entitled to Permissive Withdrawal of the Reference.

The present Defendant has a constitutional right to a jury trial in defense of the Trustee's allegations of fraudulent transfers. The United States Supreme Court has ruled that defendants to fraudulent transfer allegations brought by a bankruptcy trustee are entitled, under the Seventh Amendment to the US Constitution, to a jury trial when demanded. *Granfinanciera v. Nordberg*, 492 U.S. 33, 56 (U.S. 1989). This Defendant has demanded a jury trial in its Answer and has not consented to have the Bankruptcy Court enter a final judgment. The right to a jury trial satisfies "cause" under 28 U.S.C. § 147(d) for permissive withdrawal of the reference. *See, In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

Other factors weigh in favor of withdrawing the reference. Judicial resources would be more efficiently used by having the district court conduct the jury trial, which district court is accustomed and experienced in such jury trials. By contrast there is no record or report of the Bankruptcy Court for the District of Idaho ever conducting a jury trial. The bankruptcy court

facilities are not set up for jury boxes or the jury selection process. Experience with jury trials and facilities would err on the side of the more efficient use of resources in the district court.

No extra delay or costs to the parties would result from having the jury trial and final judgment conducted in the district court. Retaining the adversary proceeding for jury trial in bankruptcy court would undoubtedly add to the costs and delay. The bankruptcy court's schedule is not conducive to a jury trial and would require a trial of more than one or two days to be continued to the next available schedule, possibly days or weeks into the future. The bankruptcy court would have to us a different courtroom having the jury box and other facilities. These variations would add delay and costs to the adversary proceeding.

Uniformity of bankruptcy administration would not be harmed by withdrawing the reference to the district court. The district court has the option of allowing the bankruptcy court to administer all pre-trial matters, just as the district court routinely interacts with its magistrate court. Withdrawal of the reference in this adversary proceeding is not the result of forum shopping. In fact there is only one court, the district court, that is constitutionally and statutorily capable of entering a final judgment on the complaint in this adversary proceeding. It was the HC Trustee who selected this forum. The HC Trustee undoubtedly knew that this selection of the forum would generate the issue of constitutional authority to enter a final judgment. There is no other forum available for the parties to obtain a constitutional final judgment other than the district court. Therefore, withdrawal of the reference would not result in forum shopping.

**4.    The Motion to Withdraw is Timely.**

This adversary proceeding Complaint was only recently filed with the Answer containing the jury demand even more recently filed. The Bankruptcy Court entered on July 24, 2015 an Order Re Consent to Entry of Final Judgment and Orders and Motions to Withdraw Reference

*MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW REFERENCE - 6*

requiring the Motion to Withdraw to be filed within fourteen (14) days of the Order, which time limit has been satisfied. A motion to withdraw is timely so long as it is "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007; *Stanbrough v. Valle*, 2012 U.S. Dist. LEXIS 98414, *3 (D. Idaho July 13, 2012). The present Motion to Withdraw has been timely filed within those limits.

## CONCLUSION

For the above reasons and analysis, the District Court should withdraw the reference of this Adversary Proceeding from the Bankruptcy Court at the appropriate time prior to trial.

DATED this 7th day of August, 2015.

> EVANS KEANE LLP
>
> By_____/s/ Jed W. Manwaring_____
> Jed W. Manwaring, Of the Firm
> Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2015, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **Stephen Kent Madsen**   skmadsen.mayneslaw@gmail.com, rosie.mayneslaw@gmail.com
- **Robert J Maynes**   mayneslaw@hotmail.com, robert.maynes@gmail.com;rosie.mayneslaw@gmail.com;brenda.mayneslaw@gmail.com;maynestaggart@gmail.com;maynestaggartecf@gmail.com
- **Steven L Taggart**   staggart101@gmail.com, rosie.mayneslaw@gmail.com,maynestaggartecf@gmail.com;maynestaggartecf@gmail.com,brenda.mayneslaw@gmail.com

> ___/s/ Jed W. Manwaring_____
> Jed W. Manwaring